IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE CO., <br>              Plaintiff, <br>    v. <br> CHAMPION TRUCK LINES, INC., et al. <br>              Defendants. | Civil Action <br> No. 11-5097 (JBS-KMW) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

The issue in this declaratory judgment action is which insurer, Plaintiff National Interstate Insurance Co. ("National Interstate") or Defendant Carolina Casualty Insurance Company ("Carolina Casualty"), is the primary insurer for a June 15, 2010 accident. On that date, a tractor driven by Thirdparty Defendant Paul Dillard, an employee of Defendant Champion Truck Lines Services, Inc. ("Champion") struck and injured Defendant John Davis. Champion was insured by Carolina Casualty. The Court presently addresses the briefing submitted by the parties in response to the Court's March 21, 2013 Show Cause Order [Docket Item 38] directing Defendants Champion and Davis to show cause why judgment should not be entered in favor of Plaintiff National Interstate declaring that Carolina Casualty is the primary insurer. The Court finds as follows:

1. Champion and Thirdparty Defendant Northstar Services, Ltd. ("Northstar"), which is insured by National Interstate, had a verbal agreement for Champion to handle several container deliveries for Northstar. Dillard was returning a chassis used in one of the deliveries when he struck Davis. Both Champion's and Northstar's insurance contracts have identical clauses stating:

> This Coverage Form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority. This Coverage Form's Liability Coverage is excess over any other collective insurance for any covered "auto" while hired or borrowed from you by another "trucker".

Nat'l Interstate Ins. Co. v. Champion Truck Lines, Inc., Civ.A. 11-5097 (JBS), 2013 WL 1192395, at *2 (D.N.J. Mar. 21, 2013) ("March 21, 2013 Opinion"). Champion's policy is therefore primary if Northstar did not "hire" the vehicle in the accident.

2. The Court's March 21, 2013 Opinion found that Northstar did not hire Dillard because Northstar did not exercise control over Dillard, and control is the determinative factor in hired auto cases. Id. at *3-4. As a result, the March 21, 2013 Opinion denied the summary judgment motions of Defendants Davis and Carolina Casualty, which sought to establish that National Interstate, Northstar's insurer, is the primary insurer.

3. The March 21, 2013 Opinion did not, however, hold that Champion's insurer, Carolina Casualty, was primary because Northstar's insurer, National Interstate, had not perfected its cross-motion for summary judgment. Instead, the Court issued a Show Cause Order [Docket Item 38] pursuant to Rule 56(f)(1), Fed. R. Civ. P., that

> Defendants shall show cause why judgment should not be entered in favor of the nonmovant National Interstate Insurance Co. declaring that Policy No. CBP 354244 issued by Carolina Casualty Insurance Company to Champion Services, Inc. is the primary policy available to Northstar Services, Ltd., Champion Services, Inc., and Paul Dillard to the extent that any of them are liable for the injuries suffered by Johnny Davis on June 15, 2010 when he was allegedly struck by a Champion tractor driven by Paul Dillard at the Packer Terminal in Pennsylvania and whether judgment should be ordered declaring that Carolina Casualty Insurance Company, having issued the primary policy, has a duty to defend Northstar Services, Ltd., Champion Services, Inc., and Paul Dillard in any lawsuit brought by Johnny Davis relating to the injuries he sustained on June 15, 2010 . . . .

[Docket Item 38 at 1-2.]

4. Defendant Carolina Casualty filed an "Answer in Opposition to Plaintiff's Cross-Motion and In Further Support of its Motion for Summary Judgment Pursuant to Rule 56(a)."[1] [Docket Item 39.] Defendant Carolina Casualty argues that National Interstate's summary judgment motion should be denied because

---

[1] Defendant Davis did not file a response to the Court's Show Cause Order.

Northstar's control was demonstrated by its "insistence on acting as the motor carrier and maintaining its carrier identity." [Docket Item 39 ¶ 7.] Carolina Casualty notes that Northstar controlled the motor carrier identity, all bills of lading, access to the terminals, the chassis carrying the container, and all contact with the customer. [Docket Item 39 ¶ 9.] Carolina Casualty does not provide any controlling legal authority to support its argument that these factors determine whether the vehicle was "hired." The March 21, 2013 Opinion noted "factors that courts consider when evaluating 'hired auto' clauses in the hauling context, including, the degree of control exerted over the vehicle, driver, and route." March 21, 2013 Opinion at *4. The March 21, 2013 Opinion found, based on these factors, that Northstar did not control and thus did not hire Dillard. Id. at *3-4. The Court need not repeat its analysis absent contrary authority from Carolina Casualty.

5. Carolina Casualty also argues that Northstar was not legally authorized to broker loads. As noted in the March 21, 2013 Opinion, "Defendants do not cite case law or clauses in the insurance contracts establishing that the absence of freight broker authorization establishes that the National Interstate Policy is primary." Id. at *5 n.10.[2]

---

[2] The Court takes no position on Northstar's status as a broker.

4

6. Carolina Casualty also argues that National Interstate is primary pursuant to the insurance contract terms because "[i]t is beyond cavil that Northstar hired the Champion vehicle to be used in its business as a 'trucker' . . . ." [Docket Item 39 ¶ 16.] Carolina Casualty's insurance contract states that its coverage is "primary for any covered 'auto' while hired or borrowed by you and used exclusively in your business as a 'trucker' . . . ." [Docket Item 39 ¶ 15.] Even if, arguendo, the dispositive issue was whether the auto was used in trucking business, the specific language of the contract states that the auto must be "used exclusively in your business as a trucker." In other words, the contract terms require exclusive use. The March 21, 2013 Opinion stated that "Dillard did not work exclusively for Northstar; returning the chassis . . . was the first job he performed on Northstar's behalf." March 21, 2013 Opinion at *4. Moreover, Carolina Casualty has provided no case law or statutory support for its argument that the determinative factor is whether the auto was involved in trucking business.

7. In short, absent any case law or statutory support for Carolina Casualty's arguments, and in the absence of any dispute of material fact, the Court holds that Northstar did not "hire" Dillard and his truck and that the Carolina Casualty policy is the primary policy.

8. Carolina Casualty's response also noted, "this Court may not rightly issue an Order declaring that the CCIC Policy No. CBP 354244 is primary as to Northstar Services . . . ." [Docket Item 39 ¶ 1.] National Interstate responded that it "agrees that the issue of whether Northstar was a primary insured under the CCIC policy was never raised as an issue . . . ." [Docket Item 40 at 2.] The Court will therefore omit any reference to Northstar being a primary insured under the Carolina Casualty Policy.

9. The accompanying Order will be entered.

**May 8, 2013**　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge